# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1546 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| GERALD ROZUM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Anthony Lee, a prisoner in state custody, be dismissed as untimely. A certificate of appealability should be denied.

### II. REPORT

Anthony Lee ("Lee" or "Petitioner") pled guilty to Third Degree Murder and related offenses on October 31, 1994, and was sentenced the following day to a total of 17½ to 35 years imprisonment. He did not file a direct appeal.

On March 17, 2004, Lee filed a Petition under the Post Conviction Relief Act ("PCRA") in which he raised claims of ineffective assistance of plea counsel, and also a claim of after-discovered evidence premised upon affidavits from three of his co-defendants to the effect that they would now be willing to retract statements they made implicating Lee in the murder (Doc. 12-3, pp. 20-25). The affidavits from Lee's co-defendants were executed in December, 2002, and March, 2003. The PCRA court dismissed the petition as untimely premised upon a state rule that requires after-discovered evidence claims to be presented within 60 days of the time the new evidence is discovered (Doc. 12-4. P. 11). The decision was affirmed on appeal by the Superior

Court of Pennsylvania, and the Supreme Court of Pennsylvania denied a petition for allowance of appeal.

On May 1, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Court of Common Pleas of Allegheny County, and the Petition was treated as a second attempt to obtain relief under the PCRA and was dismissed as untimely on June 7, 2007 (Doc. 12-5, pp. 22-23). Again, the decision was affirmed on appeal.

Lee filed the instant Petition for Writ of Habeas Corpus on November 6, 2008. Lee raises four claims: (1) the claim of Unlawful Restraint was improper; (2) trial counsel was ineffective for failing to conduct an investigation; (3) the trial court erred in not dismissing the charge of Possessing Instruments of Crime; and (4) after-discovered evidence of actual innocence (Doc. 1). The Commonwealth has filed a response, and the Petition is ripe for disposition.

### III. ANALYSIS

Habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, ("AEDPA"), codified at 28 U.S.C. §2244(d). The court must first determine the date direct review concluded and the judgment became "final" in order to determine if the Petition is timely. 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. 28 U.S.C. § 2244(d)(2). Finally, the court must determine whether another statutory exception or equitable tolling is applicable.

Lee's conviction became final 30 days after his sentence was imposed and he failed to file an appeal to the Superior Court of Pennsylvania, or December 1, 1994. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a

judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Lee's conviction became final prior to the effective date of AEDPA, so he would have had until April 23, 1997 to file a timely petition. Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). The instant Petition was filed on November 6, 2008, more than 11 years after the statute expired.

Next, the Court must determine if Lee is entitled to tolling of the limitations period. Habeas petitioners are entitled to tolling of the limitations period during the time that "properly filed" state court PCRA proceedings are pending. See 28 U.S.C. § 2244(d)(2). Both of Lee's attempts to file collateral appeals in the state court were dismissed as untimely. Untimely state collateral appeals do not toll the AEDPA's limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 414 *reh'g denied,* 545 U.S. 1135 (2005) (when post conviction petition is deemed untimely under state law, that ends the inquiry). Therefore, there is no excludable time in this case, and the Petition is time-barred.

Lee's claim of after-discovered evidence requires slightly more analysis. The statute of limitations in this context is to be applied on a claim-by-claim basis. See Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004). There is an exception to the limitations period for claims based upon a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(D). Such claims must be filed within one year of the time that the evidence is discovered. Id. Here, Lee's attempt to raise his claim of after-discovered evidence was found untimely in the state courts because the affidavits from his co-defendants were dated in December, 2002, and March, 2003. The "factual predicate" for his claim, therefore, was available to Lee in December, 2002, and AEDPA's one-year statute of limitations began to run at that time. As noted above, Lee failed to file any timely state court collateral appeals, so there is

no excludable time. Therefore, the limitations period for Lee's after-discovered evidence claim expired in December, 2003, which is more than five years before the instant Petition was filed. Lee's after-discovered evidence claim is time-barred.

Finally, nothing in this record indicates that the doctrine of equitable tolling is applicable here. The one-year limitation period set forth in § 2244(d) is a statute of limitations, not a jurisdictional bar, and it may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Lee's control that would explain his failure to file a timely Petition.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be denied because Lee has not shown that jurists of reason would disagree that his claims are time-barred. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground).

## V. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Anthony Lee should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 22, 2009.

Date: June 5, 2009                                s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States Magistrate Judge

cc:
ANTHONY LEE
CN-7352
S.C.I. at Somerset
1600 Walters Mill Road
Somerset, PA 15510